IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


**DUKE CRANFORD,**

    **Plaintiff,**

**vs.**                                                   **1:09CV070-MP/AK**

**CHAPLAIN HAMMOCK, et al,**

    **Defendants .**

    _____/

### O R D E R

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and an application for leave to proceed *in forma pauperis* (IFP). (Doc. 2). Leave to so proceed has been granted in a separate order. (Doc. 5). Plaintiff has also moved for service of his complaint, (doc. 9), which is **DENIED** at this time. The complaint will not be served until Plaintiff has stated claims for relief, which is outlined below.

Plaintiff alleges that he was denied Jummah services on May 30, 2008, without just cause by Defendant Hammock. He alleges Defendant Hanshew retaliated against him and others by changing the chapel schedule which resulted in missing services and prayer time, and he did this because they filed grievances against Defendant Hammock. Plaintiff sues Defendant Walter McNeil presumably because he is Secretary of the Florida DOC, but he should be deleted from an amended complaint unless he personally participated in the decisions to deny services of which Plaintiff complains.

Liability for damages cannot be imposed upon Defendant McNeil in his individual capacity merely because of his supervisory authority as Secretary of the Florida Department of Corrections.  Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Although personal participation is not specifically required for liability under § l983, there must be some causal connection between the defendant named and the injury allegedly sustained.  Swint v. City of Wadley, 51 F.3d 988, 999 (11th Cir. 1995); Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991); Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).

Finally, Plaintiff has failed to allege any action or inaction by Defendant Rose that would infringe upon his religious practice or constitute retaliation.  He mentions Defendant Rose in the context of the incident on May 30, 2008, and that Defendant Rose had an opportunity to correct any mistake about bringing the inmates to chapel, but did not.  Regarding this incident, he quotes Defendant Hammock as saying he was solely responsible for the decision to deny Jummah services.  Thus, it is not clear what role Rose had in the denial of this religious practice.  Plaintiff may want to consider deleting him as a defendant, too.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their full names in the style of the case on the first

page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See, e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **June 4, 2009.**

3.  **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

4.  Plaintiff's Motion for service (doc. 9) is **DENIED**.

**DONE AND ORDERED** this  *4th*  day of May, 2009.


                                    *s/ A. KORNBLUM*
                                    **ALLAN KORNBLUM**
                                    **UNITED STATES MAGISTRATE JUDGE**