IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**DUKE CRANFORD,**

    Plaintiff,
v.                                                        CASE NO. 1:09-cv-70-MP-AK

**A. D. HAMMOCK, et al,**

    Defendants.

_____/

### O R D E R

This cause is before the Court upon Plaintiff's filing of a Motion for Preliminary Injunction, alleging that J. E. Thomas, Law Librarian at Taylor Correctional Institution, was denying him access to the law library. (Doc. 24).  Thomas is not a defendant in this lawsuit and the claims presently before the Court do not include issues of access to the Court.  Although Plaintiff requests that Defendant McNeil be enjoined from "permitting his agent" (Thomas) from taking this action, there are no facts in the motion to support any action by McNeil, Secretary of the Florida DOC, with regard to law library call-outs at Taylor Correctional Institution.

Rule 65(d), which governs motions for a temporary restraining order and for a preliminary injunction, provides *inter alia*: "Every order granting an injunction and every restraining order . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."  FED. R. CIV. P. 65(d).  "It is elementary that one is

not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted).  This court must have jurisdiction over a party to adjudicate a claim.

Thus, this motion was not properly filed in this case because the Defendants in this action do not include J. E. Thomas, referenced in this motion, and cannot provide the relief requested by Plaintiff.  Therefore, the parties identified in the motion would not be bound by any injunctive relief issued by this Court.  If Plaintiff intends to pursue this matter he must file a separate action on the appropriate forms, accompanied by the $350 filing fee or an application to proceed *in forma pauperis*. This action will be the quickest avenue to obtaining the relief he seeks in his motion.

Finally, the Court is awaiting service of the amended complaint (doc. 16) and there is no legal research or court deadlines necessary for Plaintiff to do with regard to this case.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Preliminary Injunction (doc.  24) is deemed **MOOT** because it has been improperly filed in this cause and should be brought as a separate action.

**DONE AND ORDERED** this  *30*<sup>th</sup>  day of June, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**